CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 02 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 7:05-cr-00103-1 |
| v. | MEMORANDUM OPINION |
| MALIK TRUTH MUHAMMAD, Petitioner. | By: Hon. Michael F. Urbanski United States District Judge |

On October 11, 2006, the court sentenced defendant Malik Truth Muhammad to three hundred months' incarceration and five years' supervised release. The court imposed that sentence because it considered Muhammad to be an "armed career criminal" in violation of the Armed Career Criminal Act ("ACCA") due to three prior qualifying convictions for serious drug offenses or violent felonies under the ACCA. 18 U.S.C. § 924(e)(2)(B).

On June 26, 2015, the Supreme Court of the United States determined that the ACCA's residual clause was unconstitutionally vague and invalid under the Due Process Clause. Johnson v. United States, 135 S. Ct. 2551 (2015). Following Johnson, Muhammad filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, arguing that two of his three prior convictions only qualified as violent felonies under the now defunct residual clause. On February 19, 2016, the United States responded, stating that it did not object to Muhammad's request for relief under Johnson.[1]

The court has evaluated Muhammad's petition in light of Johnson, and agrees that two of the three convictions which the court previously found to be predicates for application of the ACCA would not qualify under Johnson.

---

[1] Despite the apparent consensus that Johnson announced a new rule of constitutional law, the circuits have split as to whether this new rule has been made retroactive to cases on collateral review. See, e.g., In re Watkins, 810 F.3d 375 (6th Cir. 2015) (finding Johnson retroactive); In re Williams, 806 F.3d 322 (5th Cir. 2015) (finding Johnson not retroactive). The court need not address this issue as it was not raised by the United States.

For instance, Muhammad's 1995 Virginia felony conviction for larceny from the person is neither an enumerated offense under § 924(e)(2)(B)(ii) nor involves the use of physical force under § 924(e)(2)(B)(i). See United States v. Smith, 359 F.3d 662, 664 (4th Cir. 2004)("Larceny from the person is not one of the offenses enumerated . . . nor does it contain as an element the use, attempted use, or threatened use of physical force."). Likewise, Muhammad's 1996 Virginia felony conviction for escape "does not itself involve 'the use, attempted use, or threatened use of physical force' as required by 18 U.S.C. § 924(e)(2)(B)(i)." United States v. Mathias, 482 F.3d 743, 746 (4th Cir. 2007), vacated on other grounds, 129 S. Ct. 989 (2009). As such, applying Johnson, neither Muhammad's larceny nor his escape convictions meets the definition of violent felony under the ACCA.

Following Johnson, it is clear that Muhammad lacks the three convictions necessary to qualify him as an armed career criminal. As such Muhammad's § 2255 motion is **GRANTED**.

Given the length of time Muhammad has served to date, the United States Probation Office is directed to prepare an amended presentence report as soon as possible, and the Clerk is directed to schedule a resentencing hearing promptly. Muhammad may participate in the resentencing hearing by video conference, if possible, or by telephone if he files a notice agreeing to such within fourteen days. See Fed. R. Crim. P. 43(c)(1)(B).

ENTER: This 1st day of March, 2016.

/s/ Michael F. Urbanski
United States District Judge